## STOFFREGEN v RONEY

Ohio Appeals, 2nd Dist, Miami Co

No 310.   Decided April 28, 1933

A. W. DeWeese, Piqua, for plaintiff in error.

E. H. Allen, Piqua, for defendant in error.

## OPINION.

By HORNBECK, PJ.

It is urged that the contract under consideration is unilateral and that, inasmuch as the record discloses that plaintiff did not procure the purchaser to whom the defendant eventually sold the property, he could not recover. Although the contract is one that may be designated as unilateral, it is definite in its terms and if the jury found, as it had a right to under the contract, that the plaintiff, in carrying out the terms of the proposal of defendant, did contact a purchaser and did offer the property to her for sale, then any infirmity that might result because of the one sided nature of the contract was overcome and it was binding upon the defendant, inasmuch as plaintiff had entered upon his performance and thereby provided a consideration for the contract.

There is considerable authority touching so-called unilateral contracts for the sale of real estate and the right of an owner to sell his own property during the life of a real estate contract without obligation to pay the broker's commission. It is said in Harris v McPherson et, (Conn.) 115 Atl. 723, that:

"The sale by one who has given a broker the exclusive sale of the property, to a purchaser found by himself, within the reason-

able time during which the contract is to run, renders him liable to the broker for his commission." (Citing 4 R.C.L. 318, 319).

In Hayes v Clark (Conn.) 111 Atl 781, the court said that where the plaintiff, upon receipt from the defendants of a writing similar to the contract in the instant case, used reasonable efforts to procure a purchaser for the property and expended money and time in so doing, there was sufficient basis for treating the writing as a mutual contract. An extensive consideration of the authorities touching the right of an owner to sell without incurring liability to pay a broker with whom he had a contract of sale is found in a notation to Ettinger v Loux, 20 A.L.R., 1268. The annotator there concludes that there is a distinction between an instance where the broker is merely given the exclusive agency and where he is given the exclusive right to sell. In the latter case the weight of authority supports the conclusion that recovery may be had, though the owner makes the sale. Cases marking this distinction are found in an annotation to Roberts v Harrington, 10 A.L.R. 816. Braniff et v Blair et (Kan.) 165, Pac. 816 holds:

"While an agreement by an owner that a broker shall have the exclusive agency to find a purchaser for his land, for a fixed time, upon certain conditions, is unilateral when made, the element of mutuality is supplied when the broker accepts its performance by spending time and effort in doing the things that it was contemplated would be done by him under the agreement, and thereafter it is a binding obligation upon both."

And in the annotation to this case 1917 E., L.R.A. it is said that after the broker has acted upon a proposal such as was involved in the annotated case, the majority of authorities hold that it thereby becomes mutual and is a valid contract. Many authorities are cited to support the proposition.

We have examined Brenner v Spiegle, 116 Oh St, 637, 638, 639 set out by counsel for plaintiff in error and find that it cites as authority many of the decisions which we have discussed. We observe nothing in this decision which is in conflict with the theory of the law adopted by the trial court in the instant case. The distinction to be made is that in most of the cases cited in Brenner v Spiegle, the courts were dealing with a naked authority to sell without any

part performance on the part of the broker.

In the claimed error that the court erred in its charge in refusing to say to the jury that it was necessary for the plaintiff to procure a purchaser before he could recover, we are satisfied that the trial court was correct. By a term of the contract it was specifically provided that the commission would be paid to the plaintiff if a sale was made while it was effective, for any price or upon any terms to which the defendant agreed. We know of no prohibition against making this subject matter a part of the written contract. The plaintiff was given exclusive right to sell this property during the life of the contract and upon the terms therein set forth. It follows that the court was well within its province in striking the third defense of the answer from the consideration of the jury.

It is claimed that the court erred in refusing to give Special Charge No. 2, requested by counsel for defendant, before argument. This charge was as follows:

"If you should find, from the preponderance of the evidence adduced, that said plaintiff verbally released said defendant from said contract, then your verdict must be for the defendant."

There is a very close question if this was not a proper charge. However, upon a close analysis it appears that it is more of a legal conclusion than a statement of the law to be applied to the facts. It permitted the jury to determine without further guidance whether or not plaintiff verbally released the defendant from the contract. The general charge was more comprehensive and presented the law in better form. The same observation may be made respecting the third special charge requested to be given before argument.

The greatest difficulty respecting the judgment in this case relates to the weight of the evidence. We are constrained to say, as the trial court did, that it presented a very close question on the facts. But granting to the jury, the right to weigh and determine the facts, we cannot see that the verdict was so manifestly against the weight of the evidence as to require its reversal.

The real questions in this case, viz, whether defendant had the conversation with plaintiff to which she and her counsel testified and upon which she bases her claim of release from the contract and whether plaintiff by his conduct had estopped him-

self to assert the benefits of the written contract were properly and carefully presented to the jury. The other issues were incidental and of secondary importance.

A full and fair consideration of the law of the case enunciated by the trial judge is convincing that the jury was given proper instructions and was enabled to pass upon the facts under a proper statement of the law.

We find no such error resulting in prejudice to the defendant as would require us to remand this cause for a new trial.

The judgment will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.