**PIERCE v ISABEL et**

Ohio Appeals, 2nd Dist, Franklin **Co.**

No. 3262. Decided Nov. 14, 1940.

Binns & Tresemer, Columbus, for plaintiff-appellant.

Walter Snyder, for defendants-appellees.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal on questions of law from the judgment of the ·Municipal Court of the City of Columbus, Franklin County, Ohio.

The case was twice tried in the Municipal Court, and in each instance the jury returned a verdict for the defendant.

Following the verdict in the first hearing, a new trial was granted by the trial court, but the record fails to disclose the reasons for such order.

In the second trial following verdict, plaintiff filed a motion for new trial, which was overruled without opinion and judgment entered for the defendants on the verdict.

Appellant sets out seven separately numbered assignments of error. Aside from No. 5, which questions the correctness of the trial court's charge to the jury, all other assignments may be summarized under the claim that the verdict of the jury is contrary to· the evidence and the law.

Aside from the assignments of error counsel for appellant confines the argument in his brief to the single ground that the court erred in charging the jury.

In the absence of argument in brief on any of the claimed assignments, we are not obligated to make any independent investigation or detailed reference to such assignments not touched by appellant in his brief.

However, we have carefully examined the pleadings and bill of exceptions and find no prejudicial error under the general claim that the verdict of the jury was contrary to the evidence and to the law.

Plaintiff in his petition sought to recover the sum of $800.00 for services claimed to have been performed for the defendants as a real estate broker in the proffered purchase and sale of certain described real estate, located in Franklin County, Ohio. The original petition failed to contain an allegation that plaintiff was a licensed real estate broker, as was required under §§6373-26 and 6373-48 GC. The Court of Appeals in the case of **Kramer v Ruth, 42 Oh· Ap 1**, has determined that the failure to plead and prove this fact is fatal to suit to recover commission for sale of real estate.

This infirmity of the petition was cured before trial through plaintiff's obtaining leave to amend by interlineation, as follows: "Plaintiff ·was duly licensed as a real estate broker at all times herein mentioned."

Plaintiff's action was predicated upon a claimed written contract, admittedly signed on February 3, 1939. On the date of entering into the writ-

ing. plaintiff did not have a license but same was issued to him on February 28 following. The paper writing in question is contained in the bill of exceptions as Exhibit A, undated, but signed by Loretta Karnes and no one else.

It purports to be a proposal. to purchase a property located at 1060 Broadview Avenue, in the Village of Grandview Heights, Franklin County, Ohio, belonging to the estate of Charles L. Bassett, deceased, for the sum of $20,000.00, on the following terms: $10,000.00 paid in cash and the balance by the conveyance of title to "my hotel business, real and personal, property located on West Main Street, Plain City, Madison County, Ohio". The paper writing contained other usual provisions as to abstract of title, payment of taxes, adjustment of insurance and so forth. The paper writing also provided that the transaction was to be closed within sixty days from acceptance thereof or as soon thereafter as possible. Thereafter the paper writing in regular order contained the following provision which related wholly to plaintiff's commission:

"In consideration of your services as agent, I hereby deposit with you $200.00 to be held in trust by you until this proposition or any modification thereof is accepted and consummated. If this proposition or any modification thereof is not accepted, you are to return to me the above-named deposit. I hereby agree to pay you your regular commission of four per cent (4%) on the accepted price of said Broadview Avenue property."

At the time of execution (admitted to be on February 3, 1939) of this paper writing it was unilateral but subject to be bilateral on the performance of the services.

Stoffregen v Roney, 15 Abs 118.

Payment of the check was stopped probably on or about January 28, 1939. This discrepancy in date may possibly be explained under the claim that the parties had previously entered into an earlier agreement upon which the $200.00 check was deposited, and when this agreement was cancelled the check was intended to be substituted.

There is considerable controversy in the evidence and it is the claim of Mrs. Karnes that the check was given on the same date that the contract sued upon was signed, which would be January 20. This question of date is not material.

Defendant in her answer makes certain admissions and then follows with a general denial.

The answer contains the further averment that the paper writing was not delivered to the plaintiff in his own right but, only as agent for the defendant for the purpose of negotiating a $10,000.00 loan on the Broadview Avenue property, in accordance with the oral arrangement made between plaintiff and Loretta Karnes, both before and subsequent to the signing of the paper writing, and that the procurement of such a mortgage was a condition precedent to the going through with the deal, since without such a loan she would not be able to finance the purchase.

Plaintiff's reply makes specific denials of these averments of the answer.

Plaintiff raises the further legal question that the defendant should not be permitted to make this specific defense, since it would have the effect of altering the terms of a writtn contract.

We are not in accord with plaintiff's theory on this legal principle. As between the plaintiff and the defendant Loretta Karnes, the paper writing was no more than the creation of an agency for a specific purpose and could be terminated by the defendant Loretta Karnes any time before it had ripened into an accepted contract with the owners of the Grandview Heights property.

She likewise had the legal right to instruct her agent orally that the paper writing was not to be presented to the owners of the Grandview Heights property until definite arrangements

had been made to procure the loan of $10,000.00 on such property in order that she might finance the deal.

Delivery is an essential element in the consummation of all written instruments. Deliveries may be absolute or conditional. In this instance it was the claim of defendant that the delivery was conditional.

The evidence proffered by defendant on this question is not as clean-cut as should be expected, but there was sufficient evidence on the ▮▮▮▮▮▮ ▮ issue, if believed by the jury, to warrant a finding in favor of the defendant.

Defendant Karnes renounced the deal and it was never consummated.

We have no difficulty in arriving at the conclusion that the trial court should have directed a verdict in favor of the defendant Constant A. Isabel at the close of plaintiff's testimony. This motion was not renewed at the close of all the testimony, but the verdict of the jury cured this failure to comply with proper procedure.

. Counsel for defendant in their brief make the further argument in support of the verdict and judgment that plaintiff under no circumstances should be entitled to recover, since the uncontradicted evidence discloses that on February 3, when the alleged paper writing was signed, the plaintiff was not a licensed broker.

He was so licensed on February 28, 1939. As to what part of his services, if any, he had performed before February 28, is not disclosed. The written acceptance of the owners of the Grandview Heights property was appended to the original paper writing and duly executed at an unknown date but probably subsequent to February 28. It is a very serious question whether or not plaintiff would have the right of recovery on a contract signed when he was not a licensed broker. We do not find it necessary to determine this question since we have determined the issue favorable to defendants on other grounds. However, we have examined the following sections of the Ohio Statute, together with other authorities:

Secs. 6373-26, 6373-29, and 6373-48 GC;

Frankel v Allied Mills, Inc., 17 N. E., (2d), 757;

Volume 4, Ruling Case Law, 301;

Volume 37 Corpus Juris, p. 259;

6 Williston on Contracts, Revised Edition, p. 508;

Massie v Dudley, 3 S. E. (2d), 176;

Waskey v Hammer, 223 U. S. 85;

The Massillon Savings & Loan Co. v The Imperial Finance Co., 114 Oh St 523;

Robbins v Hennessey, 86 Oh St 181;

Ludwig v Raydure et, 25 Oh Ap 293;

Warner & Co. v Braun, 33 Oh Ap 84.

. This brings us to the consideration of the fifth assignment of error, to-wit: "The trial court erred in its charge to the jury."

In considering the charge of the court it is always proper to take into consideration any special charges given by the trial court be-▮▮▮▮▮▮▮ ▮ fore argument, and if such special charges in connection with the general charge, correctly define the issues, no prejudicial error can be predicated upon the general charge of the court if standing alone. This principle of law is so well recognized that it needs no citation of authorities. Measured by this test, we are constrained to the view that the charge was most favorable to the plaintiff. It is quite true that many of the issues might very properly have been more clearly defined by the trial court, but on this question defendant would have more ground for complaint than would the plaintiff.

Any lack of clarity was of such a character as would require counsel to make request for such additional charge before a reviewing court could find prejudicial error.

Finding no prejudicial error in the record, the judgment of the trial court will be affirmed and costs adjudged against the appellant.

The cause is remanded for collection of costs and further proceedings according to law.

Exceptions will be allowed to appellant.

HORNBECK, PJ. & GEIGER, J., concur.